## UNITED STATES of America, Plaintiff–Appellee,

v.

**Javier OLVERA–YANEZ, a.k.a. Javier Olivera–Yanez, a.k.a. Nelos Olvera, a.k.a. Javier Olvera–Yanes, a.k.a. Nelos Vagos, a.k.a. Javier Yanez–Olvera, Defendant–Appellant.**

No. 10–50481.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 21, 2012.*

Filed Feb. 22, 2012.

Charles E. Pell, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Jay Howard Robinson, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alexandra Wallace Yates, Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Attorney Nikoo Berenji appeals the district court's imposition of sanctions for appearing late to a hearing. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the imposition of sanctions and remand.

Berenji contends the district abused its discretion when it imposed a $100 sanction under its inherent powers without a finding of bad faith. We agree that Berenji's single tardy appearance does not justify a monetary sanction in this case. *See Mendez v. County of San Bernardino,* 540 F.3d 1109, 1130–33 (9th Cir.2008) (vacating sanction order imposed under district court's inherent powers where the court did not make a bad faith finding before imposing sanctions and the record did not

support such a finding); *Zambrano v. City of Tustin,* 885 F.2d 1473, 1480 (9th Cir. 1989) ("[C]onduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct" is required before monetary sanctions can be imposed under local rules) (footnotes omitted).

**VACATED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

